IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARON K. VALLE,

                Plaintiff,                Case No. 3:03 CV 7046

-vs-

                                            <u>MEMORANDUM OPINION</u>

TERRA COMMUNITY COLLEGE,

                Defendant.

KATZ, J.

       This matter is before the Court on the Magistrate Judge's Report and Recommendation filed March 31, 2005, as to which the Plaintiff has filed objections only with respect to the sex discrimination in employment allegations and not as to the disability discrimination. The Defendant has responded to those objections and the matter is ready for a ruling by this Court. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (c), this Court has made a *de novo* determination of the Magistrate's findings to which the Plaintiff objects. For the following reasons, the Court finds Plaintiff's objections are not well taken and the same are denied.

       This employment discrimination case was referred to the Magistrate Judge for Report and Recommendation concerning the Defendant's motion for summary judgment (Doc. No. 30). That recommendation is that the Defendant's motion for summary judgment be granted.

       Plaintiff was formerly engaged in teaching in the welding department of Terra Community College, which department typically consisted of one part-time and four full-time

instructor positions. Plaintiff was employed commencing January 1, 1981 and was terminated from that employment on December 31,2001. That termination resulted from a reduction in state funding. The Administration determined that since the welding department had the least favorably faculty to student ratio, one full-time instructor position should be eliminated. Because of the Administration's determination that Plaintiff had less seniority than the other full-time instructor, she was terminated. She thereafter contended that such termination was based in part upon her disability as a result of an accident and her sex; the former allegation is not before us as no objection was made to the Report and Recommendation as to that issue.

After a review of the file in this case, it is clear to the Court that gender had absolutely no part in the termination of the Plaintiff by the Defendant. She had been employed as a teacher for 20 years by the institution and was selected as the one to be terminated based on seniority. There is nothing else in the record which would justify Plaintiff's position that it was based on her sex. The issue raised by affidavit with respect to a purported offer to have across the board reduction in compensation and, thus, avoid a faculty layoff is not relevant as an alternative because the union refused that option. Even if, as asserted by Plaintiff, the affidavits of Timothy Goecke and Joseph H. Barnett are considered, the outcome for Plaintiff would be the same. Neither of those affidavits establish that the across the board reduction of compensation would have been supported but state only that that option was never formally before them. There is no indication that any member of the faculty other than Plaintiff would have accepted such a decrease. Plaintiff has presented no evidence in support of her attempt to create, through the affidavits, an issue of fact; simply stated, there is no evidence before the Court which would lead it to determine that

Plaintiff has met her burden to establish that a material issue of fact exists. Thus, summary judgment is proper as a matter of law.

For the foregoing reasons, the objections of Plaintiff to the Report and Recommendation of the Magistrate Judge are overruled and the Magistrate Judge's Report and Recommendation in its entirety.

Defendant's motion for summary judgment is granted (Doc. No. 30).

IT IS SO ORDERED.

            s/ *David A. Katz*
            DAVID A. KATZ
            SENIOR U. S. DISTRICT JUDGE